FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ JAN 25 2006 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
KEITH KNIGHT,

        Petitioner,

-against-

WILLIAM PHILLIPS,
Superintendent,

        Respondent.

05-CV-2749 (NG)

------------------------------------------------x
KEITH KNIGHT,

        Petitioner,

-against-

WILLIAM PHILLIPS,
Superintendent,

        Respondent.

05-CV-2758 (NG)

------------------------------------------------x

GERSHON, United States District Judge:

## MEMORANDUM AND ORDER

In May 2005, petitioner pro se, Keith Knight, filed these two petitions for writs of habeas corpus pursuant to 28 U.S.C. § 2254. Together with his petitions, petitioner filed a letter requesting that these actions be stayed and held in abeyance to permit petitioner to exhaust an ineffective assistance of trial counsel claim which petitioner had "recently" filed, and an ineffective assistance of appellate counsel claim which petitioner intended to file, in State court. In October 2005, this Court issued an order which, inter alia, directed petitioner to show "good cause" for staying these actions in accordance with Rhines v. Weber, ___U.S.___, 125 S.Ct. 1528 (2005). See Knight v. Phillips, Nos. 05-CV-2749 (NG) and 05-CV-2758 (NG), 2005 WL 2591830, at *1 (E.D.N.Y. Oct. 13, 2005).

In response, petitioner filed an affirmation dated November 1, 2005, which fully complies with this Court's directions. In a letter attached to that affirmation ("Pet. Letter"), petitioner states that, although he was fully cognizant of the deadline for filing his habeas petitions, he nonetheless delayed preparing his State court motions and federal habeas petitions because he was awaiting the assistance of a "law clerk" in the prison library. Petitioner claims he had a "really good working relationship" with the law clerk, and that the clerk had agreed to help him after the clerk finished assisting other inmates. Pet. Letter at 3-4. Believing a good working relationship was "hard to find," id., petitioner waited for the clerk for thirteen months, at which point he was transferred to another facility. Petitioner did not receive his legal papers at the new facility until April 17, 2005, but was nonetheless able to prepare both the instant habeas petitions and his State court motions without legal assistance by late May 2005. Petitioner explains that he was able to prepare and file these documents within 38 days because he "was doing research on the issue [he] intended to raise" while he was awaiting the law clerk's assistance.

While this Court fully understands petitioner's reason for delaying the filing of his post-conviction motions, this reason does not constitute "good cause" for petitioner's failure to exhaust his State remedies sooner. The Rhines Court's rationale for imposing a "good cause" requirement was to prevent a petitioner from purposely delaying habeas proceedings for tactical reasons. In this case, petitioner admits that he was well aware of the deadline for filing his habeas petitions, but intentionally delayed doing so in the hopes that a prison "law clerk" could aid him in preparing more persuasive papers. As a result, petitioner squandered 13 months waiting for assistance which apparently was never provided.

2

Although petitioner's decision backfired for reasons beyond his control, this tactical decision cannot constitute "good cause" for petitioner's failure to file his State claims earlier. Such a broad construction of the term "good cause" would greatly undermine the AEDPA's "twin purposes" by "allowing . . . petitioner to delay the resolution of the federal proceedings" and by "decreasing . . . petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition[s]." Rhines, 125 S.Ct. at 1534. Since petitioner has not demonstrated "good cause" for his failure to exhaust State court remedies before filing his petitions, it would not be appropriate to grant his application to stay these proceedings. Id. at 1535. Accordingly, petitioner's requests that these actions be stayed and held in abeyance are DENIED.

Because some of the issues raised in the petition in case number 05-CV-2749 (NG) are not yet exhausted, this petition is "mixed" and is subject to dismissal. See Rose v. Lundy, 455 U.S. 509, 510 (1982); see also 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . (A) the applicant has exhausted the remedies available in the courts of the State . . . .").[1] However, Rhines provides that

> if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines, 125 S.Ct. at 1535.

---

[1] Although petitioner indicates, in his response to this Court's prior order, that he intended to add ineffective assistance claims to his petition in case number 05-CV-2758 (NG), petitioner has not yet amended this petition. Accordingly, the petition in case number 05-CV-2758 (NG) does not appear to be a mixed petition.

3

If either of the petitions in this case were dismissed without prejudice, petitioner would have to re-file the petition almost immediately upon exhaustion of his State remedies or he would be time-barred from doing so. In light of this danger that dismissal of case number 05-CV-2749 (NG) – even without prejudice – might impair petitioner's right to challenge his December 17, 1999, conviction, this Court offers petitioner the option of deleting the unexhausted ineffective assistance claims and proceeding on the exhausted claims alone. The petition in case number 05-CV-2749 (NG) will be dismissed without prejudice unless, within thirty (30) days of the date of this Memorandum and Order, petitioner amends the petition to delete his unexhausted ineffective assistance claims. See Reyes v. Phillips, No. 02 Civ. 7319 (LBS), 2005 WL 2173812, at *8 (S.D.N.Y. Sept. 6, 2005).

SO ORDERED.

/s/
NINA GERSHON
United States District Judge

Dated: Brooklyn, New York
January /0, 2006